**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JAMES J. PERRY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-1037-O-BP** |
| | § | |
| **GRANVILLE V. TROXEL, 530 U.S. 57 (2000),** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On August 20, 2026, *pro se* Plaintiff James Perry filed a Complaint against the Supreme Court case *Troxel v. Granville*, 530 U.S. 57 (2000). ECF No. 1. Perry's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 6.

After reviewing Perry's Complaint, the Court questioned whether it had subject matter jurisdiction to consider the case. On September 18, 2026, the Court ordered Perry to file a response containing a written statement of his position concerning this Court's Show Cause Order, complete with citations of authorities on which he relied and enough facts to establish that the Court had subject matter jurisdiction over the case, on or before October 2, 2026. ECF No. 9. The Court further ordered that if Perry maintained that the Court had subject matter jurisdiction over the case, he must file an Amended Complaint by that date that set forth a short and plain statement consisting of plausible, non-conclusory factual allegations supporting each cause of action pursuant to Rules 8(a) and 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1. *Id.* Perry did not respond to the Court's Show Cause Order or file an Amended Complaint that complied with the Order.

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** for lack of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331–1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*,

138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Here, Perry has not "affirmatively and distinctly" alleged facts showing how the Court has jurisdiction over the case or how he has standing to assert such a case. On the face of the Complaint, there are no facts to establish that the Court has federal-question jurisdiction under 28 U.S.C. § 1331. Nor has Perry asserted claims against a defendant who is a citizen of a different state or country or pleaded an amount in controversy that would satisfy the law's requirements for subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332.

Because Plaintiff is proceeding *pro se*, the Court granted him an opportunity to address these concerns and explain the basis of the Court's subject-matter jurisdiction. *See* ECF No. 9. The Court cautioned Perry that failure to comply with its Order might result in a recommendation that his case be dismissed for lack of jurisdiction. *Id.* Perry did not provide an explanation of the jurisdictional basis of his Complaint as ordered by the Court or file an Amended Complain that contained facts supporting the Court's subject-matter jurisdiction.

Because Perry has not alleged sufficient facts to show that the Court has subject-matter jurisdiction in this case, Chief Judge O'Connor should **DISMISS** the case **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on October 19, 2026.

Hal R. Ray, Jr.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE